## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CLYDELL RICHARDSON,

       Plaintiff,

v.

KELLOGG COMPANY, et al.,

       Defendants.

Case No. 14-CV-2372-DDC-JPO

### MEMORANDUM AND ORDER

Plaintiff, a pro se litigant, brings this lawsuit alleging that he was denied retirement pay and medical benefits because of his race and in retaliation for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended (Doc. 1 at 6). This matter is before the Court on Defendants Kellogg Company and Mary Thomas' Motion to Dismiss (Doc. 8). For the reasons explained below, the Court converts defendants' motion to dismiss plaintiff's ERISA claims to a motion for summary judgment and provides notice to the parties that they may submit additional materials outside of the pleadings on or before **February 1, 2015** for the Court's consideration on summary judgment. The Court also grants plaintiff leave to file an amended complaint for his Title VII claims against defendants by **February 1, 2015**. If plaintiff does not do so by that date, the Court will grant defendants' motion to dismiss plaintiff's Title VII claims for failure to state a claim.

### I.      Procedural Background

On August 28, 2014, defendants filed their Motion to Dismiss. Under D. Kan. Rules 6.1(d)(2) and 7.1(c), plaintiff was required to respond to defendants' motion within 21 days, or

by September 18, 2014.  When plaintiff failed to respond by this deadline, the Court issued a

Notice and Order to Show Cause to plaintiff on November 14, 2014 (Doc. 11).

In that Order, the Court explained that under D. Kan. Rule 7.4(b), a party "who fails to

file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives

the right to later file such brief or memorandum" unless there is a showing of excusable neglect.

That rule also provides "[i]f a responsive brief or memorandum is not filed within the D. Kan.

Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested

motion.  Ordinarily, the court will grant the motion without further notice."  D. Kan. Rule 7.4(b).

Because plaintiff had failed to respond to defendants' Motion to Dismiss, the Court

directed plaintiff to show cause, in writing, on or before December 1, 2014, why it should not

consider and rule on defendants' motion as an uncontested one under D. Kan. Rule 7.4(b).  The

Court also ordered plaintiff to file any response to defendants' Motion to Dismiss on or before

December 1, 2014.

On December 1, 2014, plaintiff filed a Response to the Motion to Dismiss (Doc. 12).

Plaintiff failed to respond, however, to the Court's Notice and Order to Show Cause.  Plaintiff

has not shown cause, in writing, why the Court should not consider and rule on defendants'

Motion to Dismiss as an uncontested one.  Plaintiff neither explains why he failed to respond

timely to defendants' Motion to Dismiss nor demonstrates that his failure amounts to excusable

neglect.  The Court recognizes that plaintiff brings this action pro se.  But a plaintiff's pro se

status does not excuse him from complying with the rules of the court or facing the consequences

of noncompliance.  *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v.*

*Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, because plaintiff failed to respond timely to

defendants' Motion to Dismiss, the Court may grant defendants' Motion to Dismiss as

uncontested under D. Kan. Rule 7.4(b). Nevertheless, the Court also has considered defendants'
motion on the merits. *See Jones v. Corr. Corp. of Am.*, No. 10-3167-JTM, 2012 WL 3238190, at
*3 (D. Kan. Aug. 7, 2012) ("Even while acknowledging its authority to grant uncontested
motions pursuant to D. Kan. R. 7.4, a court may evaluate the merits of a motion."). After
considering defendants' motion, the Court concludes that it is not proper to dismiss this case in
its entirety on the record currently before the Court.

## II.    Factual Background

The following facts are alleged in the Complaint and viewed in the light most favorable
to plaintiff. Because plaintiff brings this lawsuit pro se, the Court construes his Complaint
liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See
Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role
of advocate for a pro se litigant. *Id.*

Plaintiff, who is African–American, worked for defendant Kellogg Company from 1973
until his retirement in March 2013. Plaintiff alleges he began receiving his retirement benefits in
June 2013, but that the company withheld his retirement benefits in September 2013 because
plaintiff had received an overpayment in short term disability benefits. Plaintiff contends that as
of November 8, 2013, he had received all of his retirement benefits except for one month's
payment. Plaintiff does not allege that he exhausted his administrative remedies under the
Employee Retirement Income Security Act ("ERISA") for the one month's payment he did not
receive.

Plaintiff also alleges that defendants have denied him medical benefits. Plaintiff claims
that medical benefits are part of his retirement plan, but the company informed him that he was
not eligible for medical benefits because he had waived this benefit. Plaintiff does not allege that

he exhausted his administrative remedies under ERISA for his alleged denial of medical benefits.[1]

Plaintiff brings a Title VII claim alleging that defendants have denied him retirement pay and medical benefits because of his race and in retaliation for complaining about discrimination. He claims that defendants have not treated similarly situated employees, who are not African-American, in the same manner as they have treated plaintiff.

### III.   Legal Standard

Defendants seek dismissal of plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 8). Defendants make two arguments supporting dismissal of this lawsuit: (1) plaintiff has failed to exhaust administrative remedies for an ERISA claim;[2] and (2) plaintiff's Title VII claim fails to state a claim for relief.

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does

---

[1]     Defendants explain that plaintiff has been informed that he is not eligible to receive medical benefits because plaintiff has not paid the required premiums to receive those benefits. Nevertheless, defendants assert that plaintiff has received those benefits to date, although the benefits may be terminated in the future if plaintiff does not pay the required premiums. Defendants provide these facts as background for the Court, and in so doing, do not seek to convert their Motion to Dismiss to a summary judgment motion. Defs.' Brief in Supp. of Mot. to Dismiss (Doc. 9) at 1 n.1. Thus, the Court does not consider these facts when deciding the Motion to Dismiss, but instead relies only on the facts alleged in plaintiff's Complaint.

[2]     The Tenth Circuit has not considered whether a plaintiff's failure to exhaust administrative remedies before asserting an ERISA claim requires dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or Fed. R. Civ. P. 12(b)(6) for failure to state a claim. However, other circuits have held that the ERISA exhaustion requirement is not jurisdictional, but is an affirmative defense. *See, e.g., Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 627 n.2 (9th Cir. 2008); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 308–09 (5th Cir. 2008); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279–80 (3d Cir. 2007); *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006). In addition, district courts within the Tenth Circuit have applied the Rule 12(b)(6) dismissal standard to unexhausted ERISA claims. *See, e.g., Amador v. Boilermaker-Blacksmith Nat'l Pension Trust*, Nos. 14-2329-RDR, 14-2331-RDR, 2014 WL 4542410, at *3 (D. Kan. Sept. 12, 2014); *Teeter v. Lofthouse Bakery Prods., Inc.*, No. 1:08CV00048 DS, 2009 WL 1507158, at *2 (D. Utah May 28, 2009). Consistent with these cases, the Court applies the Rule 12(b)(6) approach to defendants' exhaustion argument in this case.

not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Court must assume that the factual allegations in the complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. United States*

*Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)).  A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"  *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation omitted).

### IV.    Analysis

#### a.    Failure to Exhaust ERISA Claims

Although plaintiff does not allege a claim under ERISA, the Court construes his Complaint to allege such a claim because he contends defendants discriminated against him by denying him retirement and medical benefits that he claims he is entitled to receive under his retirement plan.  ERISA allows a participant or beneficiary of an employee benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan." 29 U.S.C. § 1132(a)(1)(B).  While plaintiff's Complaint does not mention ERISA by name, he "cannot sidestep the legal consequences of his substantive allegations simply by avoiding explicit reference to a particular ERISA plan in his pleadings."  *Karls v. Texaco, Inc.*, 139 F. App'x 29, 31 n.1 (10th Cir. 2005).

It is well established that a plaintiff must exhaust his administrative remedies before bringing an ERISA benefits claim in court.  *See Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999); *see also Lewis v. U.F.C.W. Dist. Union Local Two & Employers Pension Fund*, 273 F. App'x 765, 767 (10th Cir. 2008) (citing *McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998)).  Defendants argue that they are entitled to dismissal under Fed. R. Civ. P. 12(b)(6) because plaintiff's Complaint fails to allege exhaustion and the Affidavit of Judith Cotton (who is employed by defendant Kellogg Company as a Benefit

Specialist) confirms that plaintiff has not exhausted his administrative remedies.  Aff. of Judith Cotton (Doc. 10) at ¶ 6.

As noted above, the Tenth Circuit has not decided whether the failure to exhaust administrative remedies is a jurisdictional bar to asserting an ERISA claim.  But several other circuit courts have held that ERISA's exhaustion requirement is not jurisdictional, but is an affirmative defense.  *See, e.g.*, *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 627 n.2 (9th Cir. 2008); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 308–09 (5th Cir. 2008); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279–80 (3d Cir. 2007); *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006).  Following the precedent established by these circuit courts, the Court considers ERISA exhaustion as an affirmative defense.

In this case, plaintiff's Complaint makes no allegations that he exhausted his ERISA administrative remedies.  But plaintiff is not required to plead exhaustion when the failure to exhaust is an affirmative defense.  *See Rozek v. New York Blood Ctr.*, 925 F. Supp. 2d 315, 342 (E.D.N.Y. 2013); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) (because the failure to exhaust administrative remedies under the Prison Litigation Reform Act is an affirmative defense, "inmates are not required to specifically plead or demonstrate exhaustion in their complaints").  Consequently, courts have refused to consider the affirmative defense of ERISA exhaustion on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because such a motion focuses on the allegations of plaintiff's Complaint, not a defendant's affirmative defenses.  *See Gunn v. Bluecross Blueshield of Tenn., Inc.*, No. 1:11-CV-183, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012) ("[W]hen a defendant in an ERISA action raises an ERISA plaintiff's failure to exhaust administrative remedies as an affirmative defense, the Court concludes the proper means to raise such a challenge is [not through a Rule 12(b)(6) motion to dismiss but] through an

appropriately supported motion under Fed. R. Civ. P. 56."); *see also Zappley v. The Stride Rite Corp.*, No. 2:09-CV-198, 2010 WL 234713, at *4 (W.D. Mich. Jan. 13, 2010) ("Because exhaustion is an affirmative defense, a Rule 12(b)(6) motion is generally not the proper vehicle for asserting lack of exhaustion.")

Notwithstanding this reluctance to consider an exhaustion argument on a motion to dismiss, "[a] complaint 'is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense, but the defense clearly must appear on the face of the pleading.'" *Doe v. Bally*, No. 05–1346–WEB, 2007 WL 628273, at *2 (D. Kan. Mar. 1, 2007) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). Where there is no information on the face of a plaintiff's complaint about the failure to exhaust administrative remedies, the Court cannot grant a motion to dismiss for that reason. *Id.* (citing *Turner and Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 847 (D. Kan. 1996) and explaining that in *Turner*, a motion to dismiss was denied because the dates used to support the statute of limitations affirmative defense were not clear from the pleadings).

In *Zappley v. The Stride Rite Corp.*, the Eastern District of Michigan denied defendant's motion to dismiss plaintiff's ERISA claim for failing to exhaust administrative remedies because although a "defendant may bring a Rule 12(b)(6) motion to assert an affirmative defense where the affirmative defense appears on the face of the plaintiff's complaint, the Court has reviewed [plaintiff's] complaint and finds nothing therein suggesting that [plaintiff] failed to exhaust his administrative remedies." *Zappley*, 2010 WL 234713, at *4. Similarly, in this case, plaintiff's Complaint contains no information establishing that he failed to exhaust administrative remedies. Therefore, the Court cannot grant defendants' motion under Fed. R. Civ. P. 12(b)(6).

Defendants argue that the Tenth Circuit has held in an unpublished opinion that the failure to allege exhaustion of administrative remedies, in and of itself, may provide a basis for dismissing an ERISA claim. Defs.' Brief in Supp. of Mot. to Dismiss (Doc. 9) at 12 (citing *Karls v. Texaco, Inc.*, 139 F. App'x 29 (10th Cir. 2005)). But the Court does not read *Karls* to render such an explicit holding.

In that unpublished opinion,[3] the Tenth Circuit merely affirmed a district court's dismissal on the pleadings of plaintiff's ERISA claim for failing to exhaust administrative remedies because plaintiff had failed to allege exhaustion or cure the omission after defendant filed the motion to dismiss. *Karls*, 139 F. App'x at 33. But *Karls* did not address squarely whether the failure to exhaust ERISA administrative remedies is a jurisdictional requirement that permits a court to dismiss ERISA claims on the pleadings if the plaintiff fails to plead exhaustion or, instead, it is an affirmative defense. Moreover, in *Karls*, the defendant asked the district court to dismiss the case for lack of standing under Fed. R. Civ. P. (b)(1) because plaintiff had not exhausted his administrative remedies. Mem. in Supp. of Def.'s Mot. to Dismiss (Doc. 6) at 3, *Karls v. Texaco, Inc.*, No. 2:03-cv-00775-TS (D. Utah Sept. 17, 2003). The district court granted defendant's motion to dismiss *on that basis*. *Karls v. Texaco, Inc.*, No. 2:03-cv-00775-TS, slip op. at 5 (D. Utah Apr. 22, 2004). On appeal, the Tenth Circuit did not address whether Rule 12(b)(1) was the proper vehicle for dismissing plaintiff's ERISA claim for lack of exhaustion. And, as explained above, the Tenth Circuit has never addressed this issue explicitly.

In contrast, several circuits have decided that the failure to exhaust ERISA remedies is an affirmative defense, and not a jurisdictional prerequisite. *See, e.g.*, *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 627 n.2 (9th Cir. 2008); *Crowell v. Shell Oil Co.*,

---

[3]     Because it is an unpublished opinion, *Karls* is "not binding precedent." *Karls*, 139 F. App'x at 30 n. Nevertheless, the Court considers *Karls* in the analysis above.

541 F.3d 295, 308–09 (5th Cir. 2008); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279–80 (3d Cir. 2007); *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006). Notably, all of these circuit court opinions post-date the Tenth Circuit's decision in *Karls.*

In addition, the Tenth Circuit decided *Karls* before the Supreme Court held in *Jones v. Bock* that a failure to exhaust administrative remedies under the Prison Litigation Reform Act is an affirmative defense that need not be pleaded in a plaintiff's complaint. 549 U.S. at 216. And, in other decisions rendered after *Karls*, the Supreme Court has clarified that non-statutory claim processing rules are not jurisdictional; instead, jurisdictional rules are grounded in statutory authority promulgated by Congress. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 648 (2012) ("A rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional. But if Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional." (citations and internal quotation marks omitted)); *Bowles v. Russell*, 551 U.S. 205, 211–13 (2007) (treating statutory time limits as jurisdictional while noting that rule-based time limitations are procedural rules adopted by the court that are not jurisdictional). These holdings lend additional support to the proposition that the ERISA exhaustion requirement (which is a judge-made rule, not a legislative one) is not jurisdictional in character. *See Paese*, 449 F.3d at 445 ("[ERISA exhaustion] is purely a judge-made concept that developed in the absence of statutory language demonstrating that Congress intended to make [it] a jurisdictional requirement.").

In light of these Supreme Court decisions, the Court concludes that if our Circuit were given the opportunity to consider directly whether an ERISA exhaustion argument is a jurisdictional requirement, it would conclude that it is not. ERISA's exhaustion requirement is not derived from statutory authority; rather, it is a judge-made rule. Thus, the Court holds it

cannot dismiss plaintiff's ERISA claim on the pleadings here because the exhaustion requirement is not jurisdictional but rather it is an affirmative defense that does not appear on the face of plaintiff's Complaint.

Defendants also assert that plaintiff's failure to exhaust his administrative remedies is confirmed by the Affidavit of Judith Cotton. But the Court may not consider that affidavit without converting this motion to one for summary judgment because that document is outside of the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.")

Because defendants have submitted materials outside the pleadings and the failure to exhaust administrative remedies is an affirmative defense, the Court hereby notifies the parties that it will treat defendants' motion to dismiss as one seeking summary judgment under Fed. R. Civ. P. 56 solely on the issue of exhaustion of administrative remedies. But before doing so, the Court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, the Court allows the parties to submit any further materials outside the pleadings about the exhaustion issue only on or before **February 1, 2015**.

The Court emphasizes that plaintiff must "present some evidence to support [his] allegations; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) (citation omitted). For example, in his response to defendants' motion to dismiss, plaintiff makes the conclusory statement that "Defendant denied Plaintiff appeal rights. Plaintiff has exhausted every administrative remedy made available to him, before proceeding to court." Pl.'s Resp. to Mot. to Dismiss (Doc. 12 at

2).  Plaintiff cannot defeat summary judgment with mere allegations like those asserted in his

Response.

Even though plaintiff proceeds pro se in this action, he is not excused from the

requirement to present admissible evidence to support his claims and thereby avoid summary

judgment.  *See Brown v. Dorneker*, No. 06-3245-CM, 2008 WL 3334025, at *1 (D. Kan. Aug. 8,

2008) (a pro se plaintiff has "the burden of coming forward with evidence to support his claims

as required by the Federal Rules of Civil Procedure and the local rules of this court.  Even a pro

se plaintiff must present some specific factual support for his allegations [to avoid summary

judgment]." (citation omitted)).  Moreover, the Court may only consider admissible evidence

when ruling on a motion for summary judgment.  *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th

Cir. 2006).  Thus, to avoid summary judgment, the Court cautions plaintiff that he must come

forward with admissible *evidence* to rebut the assertion made in Judith Cotton's Affidavit that

plaintiff has failed to exhaust his administrative remedies and to support his allegation that he

"has exhausted every administrative remedy made available to him."

### b.  Failure to State a Claim Under Title VII

Defendant next argues that plaintiff's Title VII claims, as alleged in his Complaint, fail to

state a claim for relief.  The Tenth Circuit recently provided an extensive analysis of the pleading

standard for employment discrimination and retaliation claims under *Twombly*.  *Khalik v. United

Air Lines*, 671 F.3d 1188, 1193–94 (10th Cir. 2012).  In that case, the court affirmed a district

court decision dismissing a plaintiff's Title VII discrimination and retaliation claims and FMLA

retaliation claims under Fed. R. Civ. P. 12(b)(6).  *Id.*  In so doing, the court cautioned that under

*Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to

successfully plead a claim of discrimination. *Id.* at 1193.  Rather, the plaintiff is only required to "set forth plausible claims." *Id.*

Construing plaintiff's Complaint liberally, plaintiff brings discrimination and retaliation claims under Title VII.  "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Khalik*, 671 F.3d at 1192 (citing *Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011)).  Here, plaintiff has not alleged any direct evidence of discrimination or retaliation in his Complaint.  Thus, under *McDonnell Douglas*, "a three-step analysis requires the plaintiff first prove a prima facie case of discrimination." *Id.* (citing *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002)).

A prima facie case of discrimination under Title VII requires a plaintiff to demonstrate: (1) membership in a protected class, (2) adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Id.* (citing *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998)).  If plaintiff meets this burden, then the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. *Id.* (citing *Garrett*, 305 F.3d at 1216).  If defendant satisfies that burden, the burden then shifts back to plaintiff to show that plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext. *Id.* (citing *Garrett*, 305 F.3d at 1216).

The same analysis applies to Title VII retaliation claims; plaintiff must prove a violation of Title VII either by direct evidence of discrimination or by the *McDonnell Douglas* burden-shifting framework. *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014).

13

Where there is no direct evidence of retaliation, plaintiff must first establish a prima facie case of retaliation by showing that:  "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action."  *Id.* (citing *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)).  "The Supreme Court has recently clarified the causation standard for Title VII retaliation claims, explaining: '[A] plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.'"  *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2534 (2013)).

The Court is mindful that the *McDonnell Douglas* burden-shifting framework is an evidentiary standard, not a pleading requirement, and that plaintiff need not adhere to these requirements for a prima facie case to survive a motion to dismiss.  *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002).  However, "while Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims."  *Khalik*, 671 F.3d at 1193; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  The Tenth Circuit has noted that "[w]hile '[s]pecific facts are not necessary,' some facts are."  *Khalik*, 671 F.3d at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Even construing plaintiff's Complaint liberally, he has failed to state plausible claims for relief.  Instead, he makes "general assertions of discrimination and retaliation, without any details whatsoever . . . ."  *Khalik*, 671 F.3d at 1193.  These types of allegations are insufficient to survive a motion to dismiss.  *Id.*  Like the plaintiff in *Khalik*, plaintiff here provides no facts about the alleged discrimination or any information about his complaints of discrimination— such as when plaintiff complained and to whom he complained.  *See id.* at 1194.  While plaintiff

does allege that he was treated differently than similarly situated non-African Americans, he makes this conclusory statement without providing any factual details such as who was treated differently, when they were treated differently, or how they were treated differently.  There is nothing but "sheer speculation" to link the denial of retirement and medical benefits to discrimination or retaliation.  *Id.*  Without more information, plaintiff's claims are not plausible, and the Court must dismiss them for failure to state a claim under the *Twombly/Iqbal* standard. *Id.*

The Court recognizes, however, that plaintiff may be able to cure these deficiencies if given the opportunity to amend.  If plaintiff amends his Complaint to include factual allegations instead of conclusory statements and fully describes the circumstances surrounding the alleged Title VII violations by defendants, he may be able to state a claim upon which relief can be granted.  The Court thus grants plaintiff leave to amend his Complaint by no later than **February 1, 2015**.  If plaintiff does not file an amended complaint meeting the pleading standards described in the preceding paragraph by February 1, 2015, the Court will dismiss plaintiff's Title VII claims for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties are notified that the Court will treat defendants' Motion to Dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 only on the issue of exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that the parties may submit any further materials outside the pleadings that they wish to file about the pending issue of exhaustion of administrative remedies only on or before **February 1, 2015**.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint for his Title VII claims against defendants by **February 1, 2015**.  If Plaintiff does not do so by that date, the Court will dismiss those claims for failure to state a claim.

**IT IS SO ORDERED.**

**Dated this 22nd day of December, 2014, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**