## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLYDELL RICHARDSON,**

> **Plaintiff,**

**v.**

**KELLOGG COMPANY, et al.,**

> **Defendants.**

**Case No. 14-CV-2372-DDC-JPO**

## MEMORANDUM AND ORDER

Plaintiff, a pro se litigant, filed this lawsuit alleging that defendants denied him retirement pay and medical benefits because of his race and in retaliation for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended (Doc. 1 at 6). On August 28, 2014, defendants filed a Motion to Dismiss (Doc. 8) seeking dismissal for two reasons: (1) plaintiff failed to exhaust administrative remedies before asserting an ERISA claim; and (2) plaintiff's Title VII claims failed to state a claim for relief.

On December 22, 2014, the Court entered a Memorandum and Order (Doc. 13), converting defendants' motion to dismiss plaintiff's ERISA claim to a motion for summary judgment and providing notice to the parties that they may submit additional materials outside of the pleadings, on or before February 1, 2015, for the Court to consider now that it has converted defendant's motion to one seeking summary judgment. The Court also concluded in that Order that plaintiff had failed to state a claim for relief under Title VII, but granted plaintiff leave to file an Amended Complaint against defendants by February 1, 2015.

In response to the Court's Order, defendants submitted a Supplemental Memorandum in Support of Summary Judgment (Doc. 15), and plaintiff filed an Amended Complaint (Doc. 17).

1

After considering the additional submissions by the parties, the Court grants defendants' motion to dismiss (Doc. 8), which it converted in part to a motion for summary judgment on plaintiff's ERISA claim, for two reasons.  First, plaintiff's ERISA claim fails because he failed to exhaust his administrative remedies.  Second, the Court dismisses plaintiff's Amended Complaint for failing to state a claim for relief under Title VII.  The Court explains the reasons for its decisions below.

### I.      Factual Background

The following facts are alleged in the Amended Complaint (Doc. 17), and viewed in the light most favorable to plaintiff.  *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (citation omitted).  Because plaintiff brings this lawsuit pro se, the Court construes his Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not cross the line and assume a role as the pro se litigant's advocate.  *Id.*

Plaintiff, who is African–American, worked for defendant Kellogg Company from 1973 until his retirement in 2013.  Plaintiff alleges that he suffered a workers' compensation injury in February 2012 and that he was approved for short-term disability on August 20, 2012.  Plaintiff claims he received short-term disability payments until November 4, 2012, when defendants stopped those payments without notice.

On April 22, 2013, plaintiff received a letter from the Kellogg Company stating that he had health care coverage effective April 12, 2013.  Plaintiff claims that on May 20, 2013, he received a check stub in the amount of $1,741.14, but that the money was never put into his bank account.  Plaintiff alleges that, at some later point in time, he had to undergo surgery, and he learned that he did not have medical insurance coverage.

Plaintiff alleges that he "used every administrative remedy available" to him but was "denied the appeal process" (Doc. 17 at 2).  He also asserts that the Kellogg Company breached his retirement contract by denying him health insurance benefits.  Plaintiff claims that the Kellogg Company retaliated against him because of a workers' compensation injury, denied him reasonable accommodation, and violated "the Disability Act" (Doc. 17 at 2–3).  Plaintiff also asserts that the Kellogg Company has discriminated against him because of his race and retaliated against him when he complained of being treated unfairly because of his race.

## II.   Legal Standard

### a.   Motion to Dismiss

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, simply "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*,

667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Court must assume that the factual allegations in a complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider not only the complaint itself but also exhibits attached to and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)). A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation omitted).

### b.  Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When it applies this standard, the Court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245–46 (10th Cir. 2010)). "An issue of fact is 'genuine' 'if the evidence is such that a

reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To meet this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings but must bring forward specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. To the contrary, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

### III.     Analysis

#### a.   Failure to Exhaust ERISA Claim

Although plaintiff does not assert a claim under ERISA explicitly, the Court construes his

Complaint to assert such a claim because he contends defendants discriminated against him and

breached plaintiff's retirement contract by denying him retirement and medical benefits that, he

claims, he is entitled to receive under his retirement plan.  ERISA allows a participant or

beneficiary of an employee benefit plan to bring a civil action "to recover benefits due to him

under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his

rights to future benefits under the terms of a plan."  29 U.S.C. § 1132(a)(1)(B).  While neither

the Complaint nor the Amended Complaint mentions ERISA by name, plaintiff "cannot sidestep

the legal consequences of his substantive allegations simply by avoiding explicit reference to a

particular ERISA plan in his pleadings."  *Karls v. Texaco, Inc.*, 139 F. App'x 29, 31 n.1 (10th

Cir. 2005).

It is well established that a plaintiff must exhaust his administrative remedies before

bringing an ERISA benefits claim in court.  *See Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d

1184, 1190 (10th Cir. 1999); *see also Lewis v. U.F.C.W. Dist. Union Local Two & Emp'rs*

*Pension Fund*, 273 F. App'x 765, 767 (10th Cir. 2008) (citing *McGraw v. Prudential Ins. Co.*,

137 F.3d 1253, 1263 (10th Cir. 1998)).  The exhaustion requirement "'derives from the

exhaustion doctrine permeating all judicial review of administrative agency action, and aligns

with ERISA's overall structure of placing primary responsibility for claim resolution on fund

trustees.'"  *Lewis*, 273 F. App'x at 767–68 (quoting *McGraw*, 137 F.3d at 1263).  "Any other

procedure would permit 'premature judicial interference' and 'would impede those internal

processes which result in a completed record of decision making for a court to review.'" *Id.* at 768 (quoting *McGraw*, 137 F.3d at 1263).

Defendants argue that they are entitled to summary judgment against plaintiff's ERISA claim because the unconverted facts establish that plaintiff has not exhausted his administrative remedies.  In support of this argument, defendants have submitted the affidavit of Judith Cotton (Doc. 16), who the Kellogg Company employs as a Benefit Specialist.  Ms. Cotton states that on April 7, 2014, the Kellogg Company provided plaintiff with a Claim Initiation Form that described the Claim and Appeal Process for plaintiff's retiree health care coverage (Doc. 16-1).  After receiving a request from plaintiff to send him another form, the Kellogg Company sent him a second Claim Initiation Form on April 30, 2014 (Doc. 16-2).  Ms. Cotton affirms that plaintiff never has filed either Claim Initiation Form that the Kellogg Company sent him and he has never filed any appeal over issues connected to his retirement benefits or health care coverage.

Plaintiff has submitted no admissible evidence to controvert the facts established by Ms. Cotton's affidavit.  While plaintiff states in his Amended Complaint that he has "used every administrative remedy available which includes correspondence with Kellogg's Benefit Center, [and] communication with [the Chief Union Steward] and the Board of Labor" (Doc. 17 at 2), plaintiff's conclusory allegations cannot defeat summary judgment.  The Court previously warned plaintiff that, to avoid summary judgment, he "must 'present some evidence to support [his] allegations; mere allegations, without more, are insufficient to avoid summary judgment.'" Doc. 13 at 11 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) (citation omitted)).  The Court also noted that although plaintiff proceeds pro se in this action, he is not excused from the requirement to present admissible evidence to support his claims and thereby avoid summary judgment.  *Id.* (citing *Brown v. Dorneker*, No. 06-3245-CM, 2008 WL 3334025,

at *1 (D. Kan. Aug. 8, 2008) (a pro se plaintiff has "the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules of this court.  Even a pro se plaintiff must present some specific factual support for his allegations [to avoid summary judgment]." (citation omitted))).  Here, plaintiff has failed to present any admissible evidence creating a genuine issue of fact whether he exhausted his administrative remedies before asserting an ERISA claim.  Thus, the uncontroverted summary judgment facts, when viewed in the light most favorable to plaintiff, establish that plaintiff has failed to exhaust administrative remedies, which is a prerequisite to asserting an ERISA claim.

The Court also notes that it may waive the exhaustion requirement "'where resort to administrative remedies would be clearly useless.'"  *Lewis*, 273 F. App'x at 768 (quoting *McGraw*, 137 F.3d at 1264).  Plaintiff makes no argument here that it would have been futile for him to comply with the administrative exhaustion requirements, and the Court has found no evidence in the summary judgment record showing that exhaustion would have been "useless." Thus, the Court grants summary judgment against plaintiff's ERISA claim because he failed to exhaust administrative remedies.

### b.  Failure to State a Claim Under Title VII

In its December 22, 2014 Memorandum and Order, the Court held that plaintiff's original Complaint failed to state a claim for relief under Title VII as required by the *Twombly/Iqbal* pleading standard.  But the Court recognized that plaintiff could cure the deficiencies in his Complaint if given the opportunity to amend, and, therefore, the Court granted plaintiff leave to amend his Complaint "to include factual allegations instead of conclusory statements and fully describe[ ] the circumstances surrounding the alleged Title VII violations by defendants . . . ."

Doc. 13 at 15.  In response to the Court's Order, plaintiff filed an Amended Complaint (Doc. 17), but it suffers from the same deficiencies as his original Complaint.

As the Court explained in its December 22, 2014 Memorandum and Order, in *Khalik v. United Air Lines*, the Tenth Circuit described the pleading standard for employment discrimination and retaliation claims under *Twombly/Iqbal*.  671 F.3d 1188, 1193–94 (10th Cir. 2012).  In *Khalik*, our Circuit explained that while a plaintiff is not required to "set forth a prima facie case for each element" to plead a claim of discrimination or retaliation successfully, he must "set forth plausible claims."  *Id.* at 1193.

Construing plaintiff's Amended Complaint liberally, plaintiff brings discrimination and retaliation claims under Title VII.  He also alleges that the Kellogg Company violated "the Disability Act" and denied him reasonable accommodation,[1] and he asserts that the Kellogg Company retaliated against him because he had a workers' compensation injury (Doc. 17 at 2–3).  Even construing plaintiff's Amended Complaint liberally, he has failed to state plausible claims for relief.  Instead, he makes "general assertions of discrimination and retaliation, without any details whatsoever . . . ."  *Khalik*, 671 F.3d at 1193.  These types of allegations are insufficient to survive a motion to dismiss.  *Id.*

In *Khalik*, the Tenth Circuit recognized that an employment discrimination plaintiff "should have at least some relevant information to make the claims plausible on their face."  *Id.* And it provided a list of facts that the plaintiff could have pleaded in that case to satisfy the plausibility requirement, including:  (1) who the plaintiff requested FMLA leave from and who denied her, (2) when the plaintiff requested leave and for what purpose, (3) who she complained

---

[1]      It does not appear that plaintiff asserted a disability claim in his EEOC charge.  *See* Doc. 1 at 7 (charge makes no mention of disability discrimination and the boxes are checked for discrimination based on "race" and "retaliation" but not "disability").  Plaintiff cannot assert a claim for violation of the Americans with Disabilities Act without first exhausting his claim before the EEOC.  *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted).

to about not receiving leave and when she was terminated, (4) how the defendant treated the plaintiff compared to similarly situated individuals, (5) why the reasons given by her employer for her termination were pretextual, (6) what made the plaintiff believe the defendant's actions were connected to discrimination, (7) who the plaintiff complained to about the discrimination, when she complained, and what the response was, and (8) who criticized the plaintiff's work, what was said, and how she responded to the criticism. *Id.* at 1193–94. Our Circuit emphasized that the plaintiff was not required to plead each of the listed facts, but the *Twombly/Iqbal* standard demanded that she include "some further detail for a claim to be plausible." *Id.* at 1194.

The *Khalik* plaintiff failed to allege any of the facts listed above. *Id.* She also failed to provide any context for her claim—such as facts stating when she complained about the discrimination or to whom, facts showing similarly situated employees were treated differently, or facts relating to the actual discrimination. *Id.* The Tenth Circuit held that the plaintiff's complaint included "nothing other than sheer speculation" to link the actions of the defendant to any discriminatory or retaliatory motive. *Id.* Without more, the court concluded that plaintiff's claims were not plausible under the *Twombly/Iqbal* standard and affirmed the district court's dismissal of the plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). *Id.*

Here, the Court advised plaintiff in its December 22, 2014 Memorandum and Order that his original Complaint suffered from the same problems identified by the Tenth Circuit in *Khalik.* The Court explained that plaintiff had provided "no facts about the alleged discrimination or any information about his complaints of discrimination—such as when plaintiff complained and to whom he complained," and that he had failed to provide any factual details to support his claim that defendants treated him differently than similarly situated non-African Americans (such as "who was treated differently, when they were treated differently, or how

they were treated differently").  Doc. 13 at 14–15.  Thus, the Court put plaintiff on notice of his

original Complaint's pleading deficiencies and directed him to the kind of detail that he must

include in an amended pleading.

Despite this guidance from the Court, plaintiff has filed an Amended Complaint that

lacks sufficient detail to set forth plausible claims of discrimination and retaliation under Title

VII.[2]  While plaintiff has included some additional factual allegations in the Amended

Complaint, the substance of the new allegations fails to provide any context for his

discrimination and retaliation claims.  Plaintiff's Amended Complaint fails to include facts about

the alleged discrimination, such as why the denial of retirement or medical benefits was based on

his race, what makes the plaintiff believe that defendants' actions were connected to race

---

[2]      The Amended Complaint's factual allegations also fail to support a workers' compensation
retaliation claim—to the extent plaintiff has attempted to assert such a claim in his Amended
Complaint—for the same reasons addressed above.  Kansas courts apply the *McDonnell Douglas* burden-
shifting framework to workers' compensation retaliation claims.  *Gonzalez-Centeno v. N. Cent. Kan.
Reg'l Juvenile Det. Facility*, 101 P.3d 1170, 1177 (Kan. 2004) (citation omitted).  Under that framework,
a plaintiff must establish a prima facie case of retaliation which includes the following elements:  (1) the
plaintiff filed a claim for workers' compensation benefits or suffered an injury for which a claim might be
asserted in the future; (2) the employer had knowledge of this; (3) the employer terminated the plaintiff's
employment; and (4) a causal connection existed between the protected activity or injury and the
termination.  *Id.* (citation omitted).  If the plaintiff meets the prima facie burden, the defendant must
come forward with a legitimate, nonretaliatory reason for the discharge.  *Id.*  The plaintiff then has the
burden of showing by a preponderance of the evidence that this legitimate reason is a pretext for
retaliation.  *Id.*

Here, plaintiff's Amended Complaint omits any facts alleging a plausible claim for workers'
compensation retaliation, such as how defendants retaliated against him for filing a workers'
compensation claim, how the denial of benefits was based on plaintiff's workers' compensation claim,
what makes plaintiff believe defendants' actions were connected to his workers' compensation claim, or
how similarly situated employees were treated differently.  The Court declines to grant plaintiff leave
again to amend his Complaint to assert facts to support a workers' compensation retaliation claim because
it has already put plaintiff on notice of these pleading deficiencies as they apply to his Title VII claims,
and it gave plaintiff a fair opportunity to cure those deficiencies by granting him leave to file an Amended
Complaint.  Plaintiff failed to follow the Court's directive or assert the facts necessary to support
plausible Title VII claims.  *See Hall*, 935 F.2d at 1110 (a court may dismiss a plaintiff's complaint sua
sponte "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing
him an opportunity to amend his complaint would be futile." (citation and internal quotation marks
omitted)).  However, out of caution, the Court will dismiss the workers' compensation retaliation claim,
to the extent plaintiff alleges such a claim in his Amended Complaint, without prejudice.

discrimination, or how similarly situated employees were treated differently.  Plaintiff also fails

to plead any facts about the alleged retaliation.  While plaintiff claims that defendants "retaliated

against [him] when [he] complained of being treated unfairly because of [his] race," (Doc. 17 at

3), he fails to allege any facts about the unfair treatment that was based on his race or any details

about the complaint of discrimination such as the person to whom plaintiff complained, when

plaintiff made the complaint, and defendants' response to the complaint.  Like the plaintiff in

*Khalik*, plaintiff's amendment here has asserted just conclusory allegations, and it fails to set

forth plausible claims of discrimination or retaliation under the *Twombly/Iqbal* standard.  Thus,

the Court dismisses plaintiff's Title VII claims for failure to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to

Dismiss (Doc. 8), which the Court converted in part to a motion for summary judgment, is

granted.

**IT IS SO ORDERED.**

**Dated this 4th day of February, 2015, at Topeka, Kansas**

**s/ Daniel D. Crabtree**_____
**Daniel D. Crabtree**
**United States District Judge**
